## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

EDUARDO RAMON LEON MARINO,

      Petitioner,

v.

                            Case No. 2:26-cv-01697-MIS-GBW

WARDEN, Otero County Processing Center;
FIELD OFFICE DIRECTOR, El Paso Field
Office for Immigration and Customs
Enforcement; U.S. ATTORNEY GENERAL;
TODD LYONS; and MARKWAYNE
MULLIN,

      Respondents.

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

THIS MATTER is before the Court on Petitioner Eduardo Ramon Leon Marino's Petition

for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition"), ECF No. 1, filed May 26, 2026.

The federal Respondents filed a Response on June 5, 2026.[1]  ECF No. 6.

Petitioner is a citizen of Cuba who entered the United States on May 2, 2008.  Resp. at 1.

On April 10, 2012, he was convicted of attempted first degree murder in Orange County, Florida.

Id.  On July 10, 2012, an immigration judge issued a final removal order against Petitioner.  Id.  In

2017, Petitioner was released under an Order of Supervision.  Pet. at 9.  On November 15, 2025,

Petitioner was arrested after a supervision appointment with U.S. Immigration and Customs

Enforcement ("ICE").  Id.  He has been in immigration detention ever since.  Id.  On May 13,

2026, ICE attempted to remove Petitioner to Mexico but he refused to get on the bus.  Decl. of

---

[1]      The Clerk's Office served all Respondents with the Petition pursuant to this District's Standing Order Regarding Service of Process in Immigration Habeas Petitions filed Pursuant to 28 U.S.C. § 2241, Case 1:26-mc-00004, ECF No. 3 (D.N.M. Jan. 28, 2026).  ECF No. 2.  However, as has become customary in these cases, the Warden did not respond to the Petition.

Deportation Officer Michael Terrazas Regarding Leon-Marino, Eduardo Ramon ("Terrazas Decl.") ¶¶ 7-9, 11, 13.  ICE Enforcement and Removal Operations "repeatedly asked the Petitioner for cooperation, but he refused."  Id. ¶ 13.  ICE is actively working on removal to a third country other than Mexico.  Id. ¶ 12.  Cuba has refused to repatriate Petitioner.  Id. ¶ 8.

Petitioner argues that that his prolonged detention with no significant likelihood of removal in the reasonably foreseeable future violates his Due Process rights under Zadvydas v. Davis, 533 U.S. 678 (2001), and is arbitrary and excessive.  Pet. at 9-10.  Respondents concede that Petitioner's detention is beyond the presumptively reasonable six-month period but argue that Petitioner "has not provided good reason to believe there is a lack of significant likelihood of removal in the reasonably foreseeable future beyond the time that has passed so far."  Resp. at 3.  They also argue that Petitioner cannot prevail because the only reason he has not been removed is because he refused to get on the bus to Mexico.  Id.

Habeas corpus review is available if a noncitizen is "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3); see also Zadvydas, 533 U.S. at 687.  Where, as here, the petitioner is subject to a final order of removal, detention is governed by Zadvydas, 533 U.S. at 682, and 8 U.S.C. § 1231.  The Government is expected to secure a noncitizen's removal within 90 days after issuing the removal order.  Zadvydas, 533 U.S. at 682; see also 8 U.S.C. § 1231(a)(1).  "[D]uring the 90-day removal period, … [the noncitizen] must be held in custody."  Zadvydas, 533 U.S. at 683 (citing 8 U.S.C. § 1231(a)(2)).  After that, the Government may continue detaining the noncitizen only for as long as is "reasonably necessary" to secure their removal.  Id. at 683, 689; see 8 U.S.C. § 1231(a)(6). The Supreme Court determined that a six-month detention period is presumptively reasonable.  Zadvydas, 533 U.S. at 701.  "After this 6-month period, once the [petitioner] provides good reason to believe that there

is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." Id.

Here, Petitioner's immigration detention is beyond the presumptively reasonable six-month period. An immigration judge issued a final removal order against Petitioner on July 10, 2012, Terrazas Decl. ¶ 4, and Petitioner entered immigration detention on November 15, 2025, Pet. at 9.

However, the reason Petitioner has not yet been removed from the U.S. is because he "refused" to board the bus to Mexico on May 13, 2026. See Terrazas Decl. ¶ 7. The Court has found no authority holding that a habeas petitioner can meet his burden under Zadvydas by showing an impediment of his own making precludes removal. In fact, the Tenth Circuit has stated that "[t]he risk of indefinite detention that motivated the Supreme Court's statutory interpretation in Zadvydas does not exist when an alien is the cause of his own detention." Singh v. U.S. Att'y Gen., 945 F.3d 1310, 1314 (10th Cir. 2019) (quoting Pelich v. Immigr. & Naturalization Serv., 329 F.3d 1057, 1060 (9th Cir. 2003)).

Rather, the cases finding that the petitioner made the requisite showing have involved noncitizens who were granted withholding of removal to their country of citizenship with no indication that any third country would accept them. See, e.g., Jimenez Chacon v. Lyons, 811 F. Supp. 3d 1299, 1310 (D.N.M. 2025); Trejo v. Warden of ERO El Paso E. Mont., 807 F. Supp. 3d 697, 704 (W.D. Tex. 2025); Zhuzhiashvili v. Carter, 802 F. Supp. 3d 1337, 1340 (D. Kan. 2025). Those are not the facts of this case. Mexico has apparently agreed to accept Petitioner, but Petitioner refuses to go to Mexico. Terrazas Decl. ¶¶ 7-9, 11, 13.

For these reasons, the Court will deny the Petition. Perez v. Blanche, Case No. 2:26-cv-01588-MIS-KRS, 2026 WL 1587336, at *2 (D.N.M. June 3, 2026) (rejecting petitioner's Zadvydas

3

claim where the petitioner remained in immigration detention because he refused to board a bus to Mexico); <u>Lin v. Warden</u>, Case No. 2:26-cv-01274-MIS-JFR, 2026 WL 1328415, at *1 (D.N.M. May 13, 2026) (rejecting petitioner's <u>Zadvydas</u> claim where the petitioner remained in immigration detention because he refused to complete the paperwork necessary to effectuate his removal); <u>Yu v. Castro</u>, Case No. 2:26-cv-01100-MIS-LF, 2026 WL 1121989, at *2 (D.N.M. Apr. 24, 2026) (same).

Accordingly, it is **HEREBY ORDERED** that the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241, ECF No. 1, is **DENIED**.

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE